UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM MOSS                                           CIVIL ACTION

VERSUS                                                 NUMBER: 13-5136

STATE OF LOUISIANA                                     SECTION: "H"(5)

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, William Moss, and the State's response thereto. (Rec. docs. 1, 11).  Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Moss' petition be dismissed with prejudice.

Petitioner Moss is a state prisoner who is presently incarcerated at the Louisiana Workforce Center, New Iberia, Louisiana.  On February 11, 2008, Moss was found guilty of aggravated battery after trial, by jury, in the Criminal District Court for the Parish of Orleans, State of Louisiana.  (St. ct. rec., vol. 1).  On May 20, 2008, Moss was sentenced to eight years

at hard labor with credit for time served. (Id.). Moss directly appealed his conviction and sentence, asserting some eleven separate assignments of error. On July 22, 2009, the Louisiana Fourth Circuit Court of Appeal affirmed Moss' conviction and sentence in a published opinion. State v. Moss, 17 So.3d 441 (La. App. 4th Cir. 2009). Writs were denied by the Louisiana Supreme Court on April 9, 2010. State v. Moss, 31 So.3d 382 (La. 2010). Moss' conviction became final ninety days later, or July 9, 2010, when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made. See U.S. Sup.Ct. R. 13(1); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)(conviction becomes final when the time for seeking further direct review expires). Moss indicates on the face of his petition (rec. doc. 1, p.3), and a review of the state court record confirms, that he has not initiated any applications for post-conviction relief in the state courts subsequent to the date that his conviction became final. The envelope in which Moss' federal habeas petition was mailed to the Court was postmarked on July 12, 2013. (Rec. doc. 1, p. 21).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Moss have one year from the date that their

convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, Moss' conviction became final on July 9, 2010 when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired. At that point, the one-year limitation period set forth in §2244(d) commenced running and had long since expired when he tendered his habeas petition to prison officials to be mailed to the Court some three years later in July of 2013. As Moss' petition was filed after the §2244(d) statute of limitations had run its course, the sole question remaining is whether his petition is saved by the operation of equitable tolling. See, e.g., Prieto v. Quarterman, 456 F.3d 511, 514-15 (5th Cir. 2006)(AEDPA is only subject to statutory and equitable tolling).

The doctrine of equitable tolling applies only in rare and exceptional circumstances and principally where the plaintiff is actively misled by the defendant or is prevented in some

extraordinary way from asserting his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S. Ct. 1564 (2000). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, ___, 130 S.Ct. 2549, 2562 (2010)(internal quotation marks and citation omitted). The diligence prong of the foregoing test is grounded in notions that equitable tolling "... is not intended for those who sleep on their rights." Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010), cert. denied, ___ U.S. ___, 131 S.Ct. 1574 (2011). It is the petitioner who bears the burden of proving his entitlement to equitable tolling. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (5th Cir. 2000).

As the State points out in its response,[1]/ in his petition, Moss claims to have filed two applications for federal habeas corpus relief in this forum and that he has in his possession certified mail receipts showing when they were received. (Rec. doc. 1, p. 13). A review of the Court's records, however, reveals

---

[1]/ Under 28 U.S.C. §2248, the allegations in such a response, if not traversed by the petitioner, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true. Here, Moss has filed no traverse to the State's response.

no such prior filings and Moss has not provided the Court with any particulars on these alleged previous filings much less the certified mail receipts evidencing their purported transmission.

Moss also alleges that while he has endeavored to get his case to federal court for the past three years, his attorney does not handle such proceedings, thus leaving him to pursue habeas relief on his own. On this point, the Court notes that a petitioner serving a non-capital sentence has no right to counsel in a habeas proceeding. McFarland v. Scott, 512 U.S. 849, 957 n.3, 114 S.Ct. 2568, 2573 n.3 (1994). Finally, Moss argues that his attempts at securing habeas relief were hampered because he has "... no access or mail privileges" at the situs of his incarceration. (Id.). Unfortunately for Moss, this claim is belied by the fact that he was successful in having his habeas petition forwarded to the Clerk of Court for filing. The justifications offered by Moss simply do not constitute exceptional circumstances justifying the application of equitable tolling. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir.), cert. denied, 531 U.S. 1035, 121 S.Ct. 622 (2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007, 120 S.Ct. 504 (1999). The burden of proving his entitlement to equitable tolling has not been met by Moss here. Phillips, 223 F.3d at 797.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of William Moss be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __12th__ day of __December__, 2013.

                                            ALMA L. CHASEZ
                              UNITED STATES MAGISTRATE JUDGE